IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NORTH GLOW, LLC, § | |
| Plaintiff, § | |
| § | |
| V. § | CAUSE NO. 4:13CV666 |
| § | |
| FAROOGUE MOHAMMED GHULAM § | |
| SALTANA NADIA § | |
| AND/OR ALL OTHER OCCUPANTS, § | |
| Defendants. § | |

**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Having reviewed the record in this case, the Court finds that this matter should be REMANDED.

**BACKGROUND**

This is a removal filed by *pro se* Defendant. The following is clear from the materials filed. This eviction suit was originally filed by Plaintiff in the Justice of the Peace Court, Precinct 3, Collin County on October 1, 2013, seeking the eviction of Fargoogue Mohammed Ghulam, Sultana Nadia, and all other occupants from the Property located at 1009 Shelborn Drive, Allen, Texas, 75002. It appears from the state court materials attached to the Notice of Removal that Defendants did not appear in the Justice of the Peace Court and default was entered against them. The matter was then appealed by Defendant Ghulam to County Court at Law 1, Collin County, Texas On November 14, 2013, Defendant Ghulam removed the matter to this Court on the grounds of diversity jurisdiction. As set forth below, the Court finds that the case should be remanded.

## STANDARD

A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). A court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When there is no subject-matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c).

## ANALYSIS

Defendant's removal fails for various reasons, and remand is mandatory here. First, Defendant's removal is barred by 28 U.S.C. § 1441(b) and the "forum defendant rule." Section 1441(b) states, in part, that a case removed on diversity may only be removed "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Defendant states in his Notice of Removal that he is a Texas resident and lists an Allen, Texas address as his residence.

The Court also notes that, by seeking an appeal to the Collin County Court at Law, Defendant availed himself of the mechanisms of the state courts and likely waived the right to remove the action to federal court. *Brown v. Demco, Inc.*, 792 F. 2d 478, 481 (5th Cir. 1986). He cannot now

come to this Court seeking a different result.

The Court also notes that the state suit names Fargoogue Mohammed Ghulam, Sultana Nadia, and all other occupants as Defendants. Only Defendant Ghulam removed. The record contains no evidence regarding whether the other occupants on the Property participated in the state court action and, if so, whether all Defendants consented to the removal, as is required by 28 U.S.C. § 1446(b)(2)(A).

More importantly, even if the removal were not waived or procedurally or otherwise defective, there does not appear to be any valid basis for federal jurisdiction here. Defendant removed this case based on diversity of the parties under 28 U.S.C. § 1332. Suits are removed on the basis of diversity jurisdiction when the suit involves a controversy between citizens of different states *and* the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Defendant has not shown that the amount in controversy exceeds $75,000, and it was Defendant's burden to make such a showing. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003). Defendant argues that the amount in controversy exceeds $75,000 because the fair market value of the Property is $166,420.00, however, a forcible detainer action only seeks *possession* of Property. Ownership of the home is not a matter in controversy in an eviction suit. As one Texas Court of Appeals noted:

> The primary object of a [forcible entry and detainer or forcible detainer] suit is a recovery of possession. The primary issue is a right to possession. There may be joined in said suit a cause of action to recover delinquent rents payable under the contract if the amount is within the jurisdiction of the justice court. Rule 738, Texas Rules of Civil Procedure. However, this is rent as such and not damages for wrongful withholding of the premises or other benefits accruing to the appellees under the contract.

*Dews v. Floyd*, 413 S.W.2d 800, 805, 413 S.W.2d 800 (Tex. Civ. App. 1967, writ dism'd); *see also Hart v. Keller Props.*, 567 S.W.2d 888, 889, 567 S.W.2d 888 (Tex. Civ. App. 1978) ("The rule is settled that the measure of the lessor's damages for withholding possession pending appeal of the forcible detainer action is the reasonable rental value.").

Finally, nothing about the state law action appears to raise issues of federal law, therefore, there was no federal subject matter jurisdiction upon which to base removal under, and remand is appropriate. Forcible detainer actions are governed by the Texas Property Code and are questions of state, not federal, law. *See* TEX. PROP. CODE ANN. § 24.001, *et seq.*

Defendant has the burden of proof in demonstrating that removal to federal court is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). He has not done so, and given the record here, cannot do so. Removal was improper and the case must be remanded.

### Recommendation

It is, therefore, recommended that this case be remanded to County Court at Law No. 1, Collin County Texas for further proceedings.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall

bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 15th day of November, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE